IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

WALTER BROWN,                          )
                                       )
                    Plaintiff,         )
                                       )
vs.                                    )          Case No. 21-cv-1685-DWD
                                       )
UNKNOWN PARTY.                         )
                                       )
                    Defendant.         )

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Walter Brown, a detainee at the Jerome Combs Detention Center in Kankakee, Illinois, brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Chester Mental Health Center (Chester). (Doc. 1). Plaintiff describes instances of physical assault, and he alleges that his medications were not properly administered from July 2018-August 20, 2018. The Court has now given Plaintiff two opportunities to address the timeliness of his complaint, because in Illinois, Section 1983 claims are governed by the state tort statute of limitations, which is two years in this case. Based on the information Plaintiff has supplied, the Court concludes that his complaint is time-barred.

### The Pleadings

Plaintiff alleges that on July 10, 2018, he was physically assaulted by six staff members while in restraints. He alleges that on this date the staff forcefully administered a medication by injection. He further alleges that on August 5, 2018, he was forced to

consume feces.  From July 5, 2018-September 20, 2018, he alleges that his medication was not properly administered, or he was deprived of medication he needed.  From August 21-27, 2018, he claims he was denied the ability to groom himself.  Plaintiff claims that he exhausted administrative remedies as to his claims.

In his latest response to the Order to Show Cause, Plaintiff explains that on September 20, 2018, he left Chester and returned to the Jerome Combs Detention Center. (Doc. 16 at 2).  From October to December of 2018, Plaintiff sought help from Equip for Equality, but his requests were declined on July 23, 2019.  (*Id.* at 3).  From August to December of 2019, he and his power of attorney attempted to contact lawyers to get assistance with his claims to no avail.  These efforts continued throughout 2020, but Plaintiff alleges that they were frustrated by the pandemic.

In December of 2019, Plaintiff received correspondence concerning another case before this Court—*Champ v. Chester*, 18-cv-1986-MAB.  Plaintiff was confused by the correspondence because he had never sued anyone.  In January of 2021, Plaintiff again received correspondence about the *Champs* case.  (Doc. 16 at 4).  He tried to join a conference call in that case, but it was rescheduled.

In December of 2021, Plaintiff again contacted Equip For Equality.  (Doc. 16 at 5). He alleges that on this occasion, Equip for Equality sent him a letter warning him about the statute of limitations, and giving him some materials about contacting the Department of Justice.  At this time, Plaintiff submitted correspondence to the Court.  In sum, he alleges that he did not file his case sooner "due to ignorance and lack of legal counsel."  (Doc. 16 at 6).

## Analysis

Plaintiff's complaint appears deficient on the face because he complains of activities that ended on September 20, 2018, but he did not file his complaint until three years and two months later in December of 2021.  The applicable statute of limitations period for actions brought pursuant to 42 U.S.C. § 1983 is a state's period for personal injury torts.  *See Kalimara v. Ill. Dept. of Corrections*, 879 F.2d 276, 277 (7th Cir. 1989).  In Illinois, where the events in Plaintiff's complaint occurred, that period is two years.  *See Woods v. Illinois Dept. of Children and Family Svcs.*, 710 F.3d 762, 765-766 (7th Cir. 2013); 735 ILCS § 5/13-202.  Illinois recognizes equitable tolling of the two-year period for an inmate to pursue administrative exhaustion of a claim at the institutional level.  *See Terry v. Spencer*, 888 F.3d 890, 894 (7th Cir. 2015).  Equitable tolling may also be available if a plaintiff can show that he was pursuing his rights diligently and that some extraordinary circumstance stood in his way.  *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005).  Equitable tolling is "rare," and plaintiff bears the burden of establishing both diligence and extraordinary circumstances.  *Xanthopoulos v. U.S. Dep't of Lab.*, 991 F.3d 823, 831 (7th Cir. 2021).  However, a simple mistake or misunderstanding regarding the application of the deadline does not qualify.  *See, e.g. Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006) ("It is the plaintiff's responsibility to determine the proper party to sue and to do so before the statute of limitations expires.").

A court may sua sponte dismiss a case at § 1915A review if the applicability of the statute of limitations is "so plain from the language of the complaint…that it renders the suit frivolous."  *Terry*, 888 F.3d at 894; *Dickens v. Illinois*, 753 Fed. App'x 390 (7th Cir. 2018)

(a court may dismiss a complaint upon screening if it is clearly barred by the statute of limitations).

Unfortunately, Plaintiff's claims are untimely because the events in question concluded by the latest in September of 2018, and he did not file his complaint until December of 2021. A mistake or misunderstanding about the applicable deadlines is not sufficient to extend the statute of limitations. *See Hall*, 469 F.3d at 596. Although Plaintiff argues that he was diligent in the pursuit of his claims, because he tried from October of 2018 up until the filing of his lawsuit to seek assistance, he does not establish extraordinary circumstances. Extraordinary circumstances might include things like "legal disability, an irredeemable lack of information, or situations where the plaintiff could not learn the identity of proper defendants through the exercise of due diligence." *Dandridge v. Cook County*, 2013 WL 3421834, at *9 (N.D. Ill. 2013); *see also Bilik v. Hardy*, 2017 WL 1196967, at *2 (N.D. Ill. 2017) (ignorance of the law is not an extraordinary circumstance). Significantly, the Court notes that as early as 2019, Plaintiff received correspondence about another inmate's case against Chester that was pending before this Court. Although that information might not have given plaintiff everything he needed to know about filing litigation, it might have at least suggested to him that he could investigate how he could and when he should bring the claim to a Court's attention. The fact that Plaintiff simply did not learn about the statute of limitations until right before he filed his case is not an extraordinary circumstance. Accordingly, the Court finds that it must dismiss this case as time-barred.

**Disposition**

Plaintiff's case is **DISMISSED** with prejudice because his claims are barred by the applicable statute of limitations.  Plaintiff's pending Motions for Status [17, 18] are **DENIED** as **MOOT**.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  If Plaintiff chooses to appeal, he will be liable for the $505.00 filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-56 (7th Cir. 2008).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike" under 28 U.S.C. § 1915(g).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).  A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to enter judgment accordingly and to close this case.

**IT IS SO ORDERED.**

Dated: October 31, 2022

_____
DAVID W. DUGAN
United States District Judge